**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| Jane Doe (JW), | § | |
| *Plaintiff*, | § | |
| v. | § | Civil Action No. 4:19-cv-5018 |
| Hilton Franchise Holding LLC, | § | Judge: Honorable Lee H. Rosenthal |
| *Defendant*. | § | |

**DEFENDANT HILTON FRANCHISE HOLDING LLC'S ANSWER AND AFFIRMATIVE DEFENSES**

Subject to and without waiving its pending Motion to Dismiss Under Rule 12(b)(6) (Dkt. No. 16), Defendant Hilton Franchise Holding LLC ("Hilton"), by and through their counsel, answer Plaintiff Jane Doe (JW)'s First Amended Complaint ("FAC") as follows:

**Summary**

1. In response to paragraph 1 of the FAC, Hilton understands that sex trafficking can have devastating effects but is without knowledge sufficient to admit or deny the remaining allegations, on that basis, denies the remaining allegations.

2. In response to paragraph 2 of the FAC, Hilton is without knowledge sufficient to admit or deny the allegations, and on that basis, denies the allegations.

3. Paragraph 3 of the FAC is not a factual allegation requiring an admission or denial. To the extent paragraph 3 must be answered, Hilton is without knowledge sufficient to admit or deny the allegations, and on that basis, denies.

4. Paragraph 4 of the FAC is not a factual allegation requiring an admission or denial. To the extent paragraph 4 must be answered, Hilton is without knowledge sufficient to admit or deny the allegations, and on that basis, denies.

5. In response to paragraph 5 of the FAC, Hilton denies the allegations.

6. In response to paragraph 6 of the FAC, Hilton denies the allegations.

7. In response to paragraph 7 of the FAC, Hilton denies the allegations.

8. In response to paragraph 8 of the FAC, Hilton is without knowledge sufficient to admit or deny the allegations, and on that basis, denies the allegations.

9. Paragraph 9 of the FAC is not a factual allegation requiring an admission or denial. To the extent paragraph 9 must be answered, Hilton is without knowledge sufficient to admit or deny the allegations, and on that basis, denies.

10. In response to paragraph 10 of the FAC, Hilton denies the allegations.

**Jurisdiction and Venue**

11. In response to paragraph 11 of the FAC, Hilton admits there is jurisdiction under 28 U.S.C. § 1331.

12. In response to paragraph 12 of the FAC, Hilton admits there is jurisdiction under 28 U.S.C. § 1367.

13. In response to paragraph 13 of the FAC, Hilton admits venue is proper.

14. In response to paragraph 14 of the FAC, Hilton is without knowledge sufficient to admit or deny the allegations, and on that basis, denies the allegations.

**Parties**

15. In response to paragraph 15 of the FAC, Hilton is without knowledge sufficient to admit or deny the allegations, and on that basis, denies the allegations.

16. In response to paragraph 16 of the FAC, Hilton admits that Hilton Worldwide Holdings Inc. is a Delaware corporation with its principal place of business in Virginia, and that it appeared in this case through the filing of a motion to dismiss. Hilton denies that Hilton Worldwide Holdings Inc. answered in this matter.

17. In response to paragraph 17 of the FAC, Hilton admits that it is a Delaware LLC, that it is registered to do business in Texas, and that Hilton's counsel Nicole M. Perry of Jones Day agreed to accept service. Hilton states that Tex. Civ. Prac. & Rem. Code §17.044(b) and Texas Business Organizations Code §5.251 speak for themselves, and do not require an answer. Hilton denies the remaining allegations in paragraph 17.

18. In response to paragraph 18 of the FAC, Hilton denies that it owned, operated, controlled, and/or managed the DoubleTree by Hilton located at 8181 Airport Blvd., Houston, Texas 7706. Hilton admits that it is authorized to conduct business in Texas and does conduct business in Texas.

**Facts**

19. In response to heading "A" of the FAC, Hilton denies the allegations as to Hilton and is without knowledge sufficient to admit or deny the allegations as to others in the hotel industry, and on that basis, denies the allegations. In response to paragraph 19 of the FAC, Hilton denies the allegations.

20. In response to paragraph 20 and footnote 1 of the FAC, Hilton is without knowledge sufficient to admit or deny the allegations, on that basis, denies the allegations.

21. In response to paragraph 21 and footnote 2 of the FAC, Hilton is without knowledge sufficient to admit or deny the allegations, and on that basis, denies the allegations.

22. In response to paragraph 22 and footnote 3 of the FAC, Hilton denies the allegations as to hotel properties in any way related to Hilton and is without knowledge sufficient to admit or deny the allegations as to other hotel properties, and on that basis, denies the allegations.

23. In response to paragraph 23 and footnote 4 of the FAC, Hilton is without knowledge sufficient to admit or deny the allegations, and on that basis, denies the allegations.

24. In response to paragraph 24 and footnote 5 of the FAC, Hilton is without knowledge sufficient to admit or deny the allegations, and on that basis, denies the allegations.

25. In response to paragraph 25 and footnote 6 of the FAC, Hilton is without knowledge sufficient to admit or deny the allegations, and on that basis, denies the allegations.

26. In response to paragraph 26 and footnote 7 of the FAC, Hilton is without knowledge sufficient to admit or deny the allegations, and on that basis, denies the allegations.

27. In response to paragraph 27 and footnote 8 of the FAC, Hilton is without knowledge sufficient to admit or deny the allegations, and on that basis, denies the allegations.

28. In response to paragraph 28 and footnote 9 of the FAC, Hilton denies the allegations.

29. In response to paragraph 29 and footnote 10 of the FAC, Hilton is without knowledge sufficient to admit or deny the allegations, and on that basis, denies the allegations.

30. In response to paragraph 30 of the FAC, Hilton is without knowledge sufficient to admit or deny the allegations, and on that basis, denies the allegations.

31. In response to paragraph 31 of the FAC, denies the allegations.

32. In response to paragraph 32 of the FAC, Hilton denies that it is involved in the sex trafficking industry. The remaining allegation in paragraph 32 is a legal argument that does not require admission or denial.

33. In response to paragraph 33 of the FAC, Hilton is without knowledge sufficient to admit or deny the allegations, and on that basis, denies the allegations.

34. In response to paragraph 34 of the FAC, Hilton denies the allegations.

35. In response to paragraph 35 of the FAC, Hilton is without knowledge sufficient to admit or deny the allegations, and on that basis, denies the allegations.

36. In response to paragraph 36 and footnote 11 of the FAC, Hilton states that the full extent of the Department of Homeland Security's purposes in establishing the Blue Campaign are unknown to Hilton, and on that basis, denies the allegations.

37. In response to paragraph 37 of the FAC, Hilton does not know what "recent Blue Campaign bulletin" to which these allegations refer, and on that basis, denies the allegations.

38. In response to paragraph 38 of the FAC, Hilton does not know what "recent Blue Campaign bulletin" to which these allegations refer, and on that basis, denies the allegations.

39. In response to paragraph 39 of the FAC, Hilton does not know what "recent Blue Campaign bulletin" to which these allegations refer, and on that basis, denies the allegations.

40. In response to paragraph 40 of the FAC, Hilton does not know what "recent Blue Campaign bulletin" to which these allegations refer, and on that basis, denies the allegations.

41. In response to paragraph 41 of the FAC, Hilton does not know what "recent Blue Campaign bulletin" to which these allegations refer, and on that basis, denies the allegations.

42. In response to paragraph 42 of the FAC, Hilton does not know what "recent Blue Campaign bulletin" to which these allegations refer, and on that basis, denies the allegations.

Hilton further states that this allegation contains legal argument that does not require admission or denial.

43. In response to paragraph 43 of the FAC, Hilton denies the allegations.

44. In response to paragraph 44 of the FAC, Hilton does not understand this allegation and denies the allegation on this basis.

45. In response to paragraph 45 of the FAC, Hilton does not understand this allegation and denies the allegation on this basis.

46. In response to paragraph 46 of the FAC, Hilton denies the allegations.

47. In response to paragraph 47 of the FAC, Hilton denies the allegations.

48. In response to paragraph 48 of the FAC, Hilton states that the paragraph is a legal argument that does not require an admission or denial. To the extent the paragraph contains factual allegations, Hilton denies the allegations.

49. In response to paragraph 49 of the FAC, Hilton states that the paragraph is a legal argument that does not require an admission or denial. To the extent the paragraph contains factual allegations, Hilton denies the allegations.

50. In response to paragraph 50 of the FAC, Hilton admits the allegation.

51. In response to paragraph 51 of the FAC, Hilton states that the allegations are too vague or generalized for Hilton to fully admit or deny with confidence, and on that basis, denies the allegations.

52. In response to paragraph 52 of the FAC, Hilton states that the allegations are too vague or generalized for Hilton to fully admit or deny with confidence, and on that basis, denies the allegations.

53. In response to paragraph 53 of the FAC, Hilton states that the allegations are too vague or generalized for Hilton to fully admit or deny with confidence, and on that basis, denies the allegations.

54. In response to paragraph 54 of the FAC, Hilton denies the allegations.

55. In response to paragraph 55 of the FAC, Hilton denies the allegations.

56. In response to paragraph 56 of the FAC, Hilton denies the allegations.

57. In response to paragraph 57 of the FAC, Hilton denies the allegations.

58. In response to paragraph 58 of the FAC, Hilton denies the allegations.

59. In response to paragraph 59 and sub-paragraphs "a" through "l" of the FAC, Hilton denies the allegations.

60. In response to heading "B" and paragraph 60 of the FAC, Hilton is without knowledge sufficient to admit or deny the allegations, and on that basis, denies the allegations.

61. In response to paragraph 61 of the FAC, Hilton denies the allegations.

62. In response to paragraph 62 of the FAC, Hilton states that federal law speaks for itself, and denies the allegation to the extent it is inconsistent with federal law.

63. In response to paragraph 63 of the FAC, Hilton states that Texas law speaks for itself, and denies the allegation to the extent it is inconsistent with Texas law.

64. In response to paragraph 64 of the FAC, Hilton states that the paragraph is a legal argument that does not require an admission or denial. To the extent the paragraph contains factual allegations, Hilton is without knowledge sufficient to admit or deny the allegations, and on that basis, denies the allegations.

65. In response to paragraph 65 of the FAC, Hilton states that the paragraph is a legal argument that does not require an admission or denial. To the extent the paragraph contains factual

allegations, Hilton is without knowledge sufficient to admit or deny the allegations, and on that basis, denies the allegations.

66. Paragraph 66 of the FAC is not a factual allegation requiring an admission or denial.

67. Paragraph 67 of the FAC is not a factual allegation requiring an admission or denial.

68. Paragraph 68 of the FAC is not a factual allegation requiring an admission or denial.

69. Paragraph 69 of the FAC is not a factual allegation requiring an admission or denial.

70. Paragraph 70 of the FAC is not a factual allegation requiring an admission or denial.

71. Paragraph 71 of the FAC is not a factual allegation requiring an admission or denial.

72. In response to paragraph 72 of the FAC, Hilton states that the allegations are too vague or generalized for Hilton to fully admit or deny with confidence, and on that basis, denies the allegations.

73. In response to paragraph 73 of the FAC, Hilton admits the allegations.

74. In response to paragraph 74 of the FAC, Hilton denies the allegations.

75. In response to paragraph 75 and sub-paragraphs "a" through "g" of the FAC, Hilton is without knowledge sufficient to admit or deny the allegations, on that basis, denies the allegations.

76. In response to paragraph 76 of the FAC, Hilton denies the allegations.

77. In response to paragraph 77 of the FAC, Hilton is without knowledge sufficient to admit or deny the allegations, and on that basis, denies the allegations.

**First Cause of Action**

78. Hilton incorporates all other paragraphs.

79. In response to paragraph 79 of the FAC, Hilton is without knowledge sufficient to admit or deny the allegations, on that basis, denies the allegations.

80. In response to paragraph 80 of the FAC, Hilton denies the allegations.

81. In response to paragraph 81 of the FAC, Hilton denies the allegations.

82. In response to paragraph 82 of the FAC, Hilton denies the allegations.

83. In response to paragraph 83 of the FAC, Hilton denies the allegations.

**Second Cause of Action**

84. Hilton incorporates all other paragraphs.

85. In response to paragraph 85 of the FAC, Hilton denies the allegations.

86. In response to paragraph 86 of the FAC, Hilton states that the paragraph is a legal argument that does not require an admission or denial. To the extent the paragraph contains factual allegations, Hilton denies the allegations.

87. In response to paragraph 87 and sub-paragraphs "a" through "i" of the FAC, Hilton denies the allegations.

88. In response to paragraph 88 of the FAC, Hilton denies the allegations.

89. In response to paragraph 89 of the FAC, Hilton denies the allegations.

90. In response to paragraph 90 of the FAC, Hilton denies the allegations.

91. In response to paragraph 91 of the FAC, Hilton denies the allegations.

92. In response to paragraph 92 of the FAC, Hilton denies the allegations.

**Third Cause of Action**

93. Hilton incorporates all other paragraphs.

94. In response to paragraph 94 of the FAC, Hilton states that the paragraph is a legal argument that does not require an admission or denial. To the extent the paragraph contains factual allegations, Hilton denies the allegations.

95. In response to paragraph 95 of the FAC, Hilton states that the paragraph is a legal argument that does not require an admission or denial. To the extent the paragraph contains factual allegations, Hilton denies the allegations.

96. In response to paragraph 96 of the FAC, Hilton denies the allegations.

97. In response to paragraph 97 of the FAC, Hilton denies the allegations.

98. In response to paragraph 98 of the FAC, Hilton denies the allegations.

99. In response to paragraph 99 of the FAC, Hilton states that the paragraph is a legal argument that does not require an admission or denial. To the extent the paragraph contains factual allegations, Hilton denies the allegations.

100. In response to paragraph 100 of the FAC, Hilton denies the allegations.

101. In response to paragraph 101 and sub-paragraphs "a)" through "i)" of the FAC, Hilton denies the allegations.

102. In response to paragraph 102 of the FAC, Hilton denies the allegations.

103. In response to paragraph 103 of the FAC, Hilton denies the allegations.

**Fourth Cause of Action**

104. Hilton incorporates all other paragraphs.

105. In response to paragraph 105 of the FAC, Hilton denies the allegations.

106. In response to paragraph 106 of the FAC, Hilton denies the allegations.

107. In response to paragraph 107 of the FAC, Hilton denies the allegations.

108. In response to paragraph 108 of the FAC, Hilton denies the allegations.

**Fifth Cause of Action**

109. Hilton incorporates all other paragraphs.

110. In response to paragraph 110 of the FAC, Hilton denies the allegations.


111. In response to paragraph 111 of the FAC, Hilton denies the allegations.

112. In response to paragraph 112 of the FAC, Hilton denies the allegations.

113. In response to paragraph 113 of the FAC, Hilton denies the allegations.

114. In response to paragraph 114 of the FAC, Hilton denies the allegations.

115. In response to paragraph 115 of the FAC, Hilton denies the allegations.

**Damages**

116. In response to paragraph 116 of the FAC, Hilton denies the allegations.

117. In response to paragraph 117 and sub-paragraphs "a" through "l" of the FAC, Hilton denies the allegations.

118. In response to paragraph 118 of the FAC, Hilton denies the allegations.

119. In response to paragraph 119 of the FAC, Hilton denies the allegations.

120. In response to paragraph 120 of the FAC, Hilton denies the allegations.

121. In response to paragraph 121 of the FAC, Hilton denies the allegations.

122. In response to paragraph 122 of the FAC, Hilton denies the allegations.

**Jury Trial**

123. In response to paragraph 123 of the FAC, Hilton admits that Plaintiff demands a jury trial.

**Relief Sought**

124. In response to paragraph 14 of the FAC, Hilton denies that Plaintiff is entitled to any relief against Hilton in this action.

## AFFIRMATIVE DEFENSES

125. Plaintiff's FAC fails to state a claim upon which relief can be granted.

126. Hilton does not own, operate, manage, maintain, supervise, lease, occupy, or control the day-to-day operations at the hotel facility in question and therefore is not liable for Plaintiff's alleged damages.

127. There is not an actual or apparent agency relationship between Hilton and the hotel facility in question.

128. The incidents in question and all damages complained of and claimed by Plaintiff, if any, were the fault of other parties not under the exercise or control of Hilton.

129. The incidents in question and all damages complained of and claimed by Plaintiff, if any, were the fault of one or more independent acts or omissions, destroying any causal connection between any act or omission of Hilton (which are denied) and the alleged injury to Plaintiff.

130. The incidents in question and all damages complained of and claimed by Plaintiff, if any, were caused by the superseding and intervening acts of parties over whom Hilton had no right of control, and this conduct, either by omission or commission, interrupted the natural and proximate causal relationship, if any, between any act or omission of Hilton (which are denied) and the injury to Plaintiff.

131. The causes of action asserted in the FAC and any damages claimed are barred in whole or in part based on a failure to mitigate damages.

132. The causes of action asserted in the FAC and any damages claimed are barred in whole or in part because any damage, loss, or liability alleged must be reduced, diminished, and/or barred in proportion to any wrongful conduct of persons or entities other than Hilton under principles of proportionate responsibility, comparative fault, and/or comparable legal doctrines.

133. The causes of action asserted in the FAC and any damages claimed are barred in whole or in part because the statutes sued upon are unconstitutionally vague and ambiguous.

134. The causes of action asserted in the FAC and any damages claimed are barred in whole or in part because, to the extent that any employees committed any actionable acts or omissions, such acts or omissions were committed outside the scope of authority conferred.

135. The FAC fails to establish that Hilton acted with intentional and outrageous conduct, as required to justify the imposition of punitive damages under federal common law.

136. Hilton expressly reserves the right to amend this Answer to add, delete, or modify affirmative defenses based on legal theories, facts, and circumstances which may be developed through discovery or further legal analysis of Plaintiff's claims.

WHEREFORE, Hilton prays that Plaintiff take nothing by virtue of the FAC and that this action be dismissed in its entirety; that Hilton recover costs of suit and attorneys' fees incurred; and for such other and further relief as the Court may deem just and proper.

Dated: March 30, 2020                                    Respectfully submitted,


                                                           */s/ Nicole M. Perry*
Nicole M. Perry
Texas State Bar No. 24056367
S.D. Tex. No. 725420
David S. Smith
Texas State Bar No. 24117073
S.D. Tex. No. 3398393
JONES DAY
717 Texas Street
Suite 3300
Houston, TX  77002.2712
Telephone:  +1.832.239.3939
Facsimile:  +1.832.239.3600
Email:  nmperry@jonesday.com
Email:  dssmith@jonesday.com

Bethany K. Biesenthal, *Admitted pro hac vice*
Illinois Bar No. 6282529
JONES DAY
77 West Wacker Drive
Suite 3500
Chicago, IL 60601
Telephone:  +1.312.782.3939
Facsimile:  +1.312.782.8585
Email:  bbiesenthal@jonesday.com

ATTORNEYS FOR DEFENDANT
HILTON FRANCHISE HOLDING LLC

**CERTIFICATE OF SERVICE**

I certify that on this 30th day of March, 2020, this Answer was served on all counsel of record by filing with the Court's electronic filing system.

*/s/ Nicole M. Perry*
Nicole M. Perry